[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14087
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20243-UU-7


UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

                                    versus

PAUL ECCLESTON MATTHEWS,
a.k.a. Paul Jackson,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 26, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

        Paul Matthews pleaded guilty to reentering the United States as a deported

alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and was sentenced to 52

months imprisonment.  He appeals that sentence, arguing that the district court did not properly weigh the 18 U.S.C. § 3553(a) factors because it did not consider the need to avoid unwarranted sentence disparities between Matthews and his codefendants.  Matthews also contends that the court failed to give proper consideration to his request for a downward departure based on his cultural assimilation under U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.8 (Nov. 2012).

We review "all sentences, whether within or without the guidelines . . . only for reasonableness under an abuse of discretion standard."  United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc).  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors."  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). We will vacate a sentence "only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Irey, 612 F.3d at 1190 (quotation marks omitted).

The sentencing court must consider, among other things, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  "A well-founded

claim of disparity, however, assumes that apples are being compared to apples." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009).  Matthews contends that the court did not give sufficient consideration to the fact that Matthews' codefendants were all sentenced to shorter terms of imprisonment than he was.[1]  We are not persuaded that Matthews and his codefendants are similar "apples."  Some of his codefendants were convicted of different crimes.  And those who were convicted of the same crime as Matthews had different criminal histories.  Although all had prior deportations and several had prior drug convictions, none had the combination of three deportations and a serious drug conviction that Matthews had.

Also, some codefendants benefitted in sentencing from a reduction under the fast track program.[2]  Matthews argues that the court should have granted a downward variance to bring his sentence in line with those codefendants. Matthews, however, was not eligible for the fast track program, and he is not entitled to receive the benefit of that reduction merely because his differently situated codefendants did.

---

[1] It should be noted that Matthews was sentenced before his codefendants, but at least one circuit has held that a district court may consider the anticipated sentences of codefendants under § 3553(a)(6).  See United States v. Stanton, 975 F.2d 479, 482 (8th Cir. 1992).

[2] The Guidelines permit a downward departure upon government motion "pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."  U.S.S.G. § 5K3.1.

3

Matthews' argument that the court should have granted him a downward departure based on his cultural assimilation also fails.  The court specifically stated that it was "not impressed" by Matthews' cultural assimilation argument, demonstrating that it knew it had the authority to grant the departure but chose to deny it.  We lack jurisdiction to review that decision.  See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (stating that we lack jurisdiction to review the decision of the district court not to apply a downward departure, "so long as the district court did not incorrectly believe that it lacked the authority to apply a departure").

**AFFIRMED.**